124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathy W. Pherson, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-15873.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1997.**
Decided Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-1548-GEB; Garland E. Burrell, District Judge, Presiding.
 
 
 2
 Before: SNEED, Senior Circuit Judge, KLEINFELD, Circuit Judge, and WALLACH, Judge***
 
 
 3
 MEMORANDUM*
 
 
 4
 Kathy W. Pherson appeals the district court's affirmance of the final decision of the Secretary of Health and Human Services (the "Secretary") denying her application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We affirm.
 
 
 5
 We review the Secretary's determination that a person is not disabled to ascertain that the Secretary applied the proper legal standards and the decision is supported by substantial evidence in the record as a whole. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir.1988). The Administrative Law Judge ("ALJ"), is the trier of fact, and we may not substitute our judgment for his regarding ambiguities in the record. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 6
 Pherson contends that the ALJ failed to give proper weight to evidence from her treating physician, Dr. Westphal, and gave too much weight to the testimony of the government's physician, Dr. Caruso. A treating physician's testimony is not conclusive, however, and an ALJ may disregard it if the decision to do so is based on substantial evidence and supported by specific, legitimate reasons. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988).
 
 
 7
 The ALJ gave ample reasons for discounting Dr. Westphal's opinion and crediting Dr. Caruso. He found that several of Dr. Westphal's conclusions were contradicted by the record or unsupported by facts in the record. Moreover, the ALJ specified several of these infirmities in his opinion involving, inter alia, Pherson's capacity for social functioning, daily activities, episodes of decompensation or deterioration, and her ability to relate to supervisors, to sustain a work routine and to understand and recall detailed instructions. These matters go to the heart of Dr. Westphal's evidence and the issues before the ALJ for decision.
 
 
 8
 In reviewing the ALJ's decision, we find that he examined Dr. Westphal's opinions carefully in the context of the record as a whole, that his decision to discount them is supported by substantial evidence in the record, and that he gave specific reasons for doing so. Therefore, we have no grounds to disturb the ALJ's weighing of the competing testimony of Drs. Westphal and Caruso.
 
 
 9
 For the same reasons, we find the determination that Pherson did not satisfy the Secretary's listing of impairments for mental disability reflects the application of proper legal standards and is supported by substantial evidence in the record. The primary evidence of the extent of Pherson's disability is from Dr. Westphal and was contradicted by Dr. Caruso. As set forth above, we have no basis for disturbing the ALJ's findings in this regard.
 
 
 10
 Similarly, we reviewed closely the hypothetical question the ALJ put to the vocational expert and his response, and do not find them defective. The question fairly stated the relevant portions of Pherson's symptoms and history, and the answer incorporated them.
 
 
 11
 Finally, Pherson's contention that the ALJ relied impermissibly on her daily activities in determining her residual functioning capacity is without merit. It is apparent from the written determination that the ALJ reviewed the record as a whole and, marshaling all the evidence, drew his conclusion. In doing so, he looked well beyond her daily activities.
 
 
 12
 Having reviewed the record, including the well-reasoned determination of the ALJ and Magistrate Judge's findings and recommendation, we AFFIRM the Secretary's final determination.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3